IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIGUEL RIVERA and VIRGINIA VERTIZ, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> CARL V. ROMA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 17-1255 (MN) |

# **MEMORANDUM OPINION**

Bruce L. Hudson, HUDSON & CASTLE LAW, LLC, Wilmington, DE – attorney for Plaintiffs

Daniel M. Young, WARD GREENBERG HELLER & REIDY LLP, Wilmington, DE – attorneys for Defendant

January 28, 2020

**NOREIKA, U.S. DISTRICT JUDGE**

I. **BACKGROUND**

This is a personal injury case arising out of an automobile versus pedestrian accident that occurred on November 1, 2015. (D.I. 1). The plaintiffs are husband and wife, Miguel Rivera and Virginia Vertiz. Plaintiffs allege injuries to Mr. Rivera as the result of defendant Carl Roma operating his vehicle in a negligent manner. The Court held a jury trial beginning July 22, 2019. On July 25, 2019, the jury returned a verdict in favor of defendant Roma, finding that while he was negligent in the operation of his vehicle, that negligence was not a proximate cause of the injuries to the plaintiff, Miguel Rivera. (D.I. 56). Judgment was entered in favor of defendant Roma on July 26, 2019. (D.I. 58). On August 7, 2019, Plaintiffs filed the present motion for a new trial arguing that "the jury verdict was contrary to the weight of the evidence presented at trial. (D.I. 60).[1] Defendant opposes the motion. (D.I. 61). For the reasons set forth below, Plaintiffs' motion for a new trial is DENIED.

II. **LEGAL STANDARD**

"A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). "New trials are commonly granted in the following situations: (1) where the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) where newly-discovered evidence exists that would likely alter the outcome of the trial; (3) where improper conduct by an attorney or the court unfairly influenced the verdict; or (4) where the jury's verdict was facially inconsistent." *See Ateliers de la Haute-Garonne v.*

---

[1] Plaintiffs have not objected to the jury instructions provided to the jury.

*Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 775 (D. Del. 2015) (citing *Zarow–Smith v. N.J. Transit Rail Operations*, 953 F.Supp. 581, 584 (D.N.J.1997)).

Whether or not to grant a motion for new trial is within the court's discretion. *See, e.g., Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court."). The Court, however, should not set the verdict aside as against the clear weight of the evidence solely because it would have reached a different result as the trier of fact. *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 576 F. Supp. 107, 124 (D. Del. 1983). To the contrary, a jury's verdict should be set aside "only if manifest injustice will otherwise result." *Consumer Powers Co. v. Curtiss–Wright Corp.*, 780 F.2d 1093, 1097 (3d Cir. 1985); *see also Bullen v. Chaffinch*, 335 F.Supp.2d 342, 347 (D. Del. 2004) (stating a court should consider whether "a new trial must be granted to prevent a miscarriage of justice."). "Although the standard for grant of a new trial is less rigorous than the standard for grant of judgment as a matter of law – in that the Court need not view the evidence in the light most favorable to the verdict winner – a new trial should only be granted where 'a miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks [the] conscience.'" *Ateliers*, 86 F. Supp. 3d at 776 (citing *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352-53 (3d Cir. 1991)).

## III. DISCUSSION

"To prevail in a negligence action, '. . . a plaintiff must prove, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused plaintiff's injury.' Further, a finding of negligence by the defendant, standing alone, will not sustain an action for damages unless it is also shown to be the proximate

cause of plaintiff's injury." *McManus v. E. Pointe Apartments*, No. CV CPU4-14-000543, 2017 WL 6451121, at *5 (Del. Com. Pl. Dec. 18, 2017). Plaintiffs argue that "the jury's second finding – that Defendant's negligence was not one of the proximate causes of the injuries to Plaintiff Rivera – was against the clear weight of the evidence presented at trial." (D.I. 60 at 2). In their four-page motion, Plaintiffs contend that they "presented overwhelming evidence that Defendant Roma was negligent in failing to maintain a proper lookout while driving his vehicle . . . and that this evidence was a proximate cause of Plaintiff Rivera's injuries." (*Id.*). Plaintiffs conclude that "if Defendant had been maintaining a proper lookout, he would certainly have noticed Plaintiff Rivera directly in front of him, and his failure to do so was a least one of the proximate causes of Plaintiff Rivera's injuries." (*Id.* at 3). Additionally, Plaintiffs argue that "[t]he jury also heard overwhelming evidence that Defendant Roma's negligent alcohol consumption was at least one cause of Plaintiff Rivera's injuries." (*Id.*). Plaintiffs contend that the jury heard testimony from Defendant that he consumed between 6.5 and 10.1 beers the night prior to the accident, testimony from a Delaware State Police Corporal that the Defendant failed several field sobriety tests, and that the Defendant had a blood alcohol content of 0.07 almost two hours after the accident. (*Id.* at 3-4). Plaintiffs have not cited to any portions of the trial transcript nor otherwise cited specific evidence to establish that the clear weight of the evidence shows that "Carl Roma's negligence in the operation of his vehicle was a proximate cause of the injuries to the Plaintiff, Miguel Rivera." (D.I. 55).

During trial, Plaintiffs conceded that Mr. Rivera was walking in the middle of an unlit highway, in the early morning before sunrise, without a light or reflective clothing, and under the influence of alcohol. The jury heard *inter alia*:

- testimony from Delaware State Police Corporal Burns that he concluded Plaintiff Rivera was at fault for the accident;

- evidence from Corporal Burns that speed was not a factor in the accident;

3

- evidence that Mr. Rivera's blood was drawn and tested after the accident and registered a blood alcohol content of .14;

- testimony that the initial DUI charges against Mr. Roma were dismissed;

- evidence that Mr. Rivera was walking in the middle of the road, contradicting his testimony that he was on the side of the road; and

- testimony and evidence from an accident reconstruction expert that due to the color of Mr. Rivera's clothing and the lack of light – natural or otherwise – that it would have been difficult for a driver to see Mr. Rivera in the roadway.

There was substantial evidence in the record from which a jury could reasonably conclude that the accident was not proximately caused by any action of Mr. Roma. The Court cannot conclude that "'a miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or [that] the verdict 'shocks [the] conscience.'" A new trial is not warranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for New Trial (D.I. 60) is DENIED. An appropriate order will be entered.